Nash, J.
 

 In the opinion of his Honor, we concur. The only question sent here is as to the validity of a sale, made under such circumstances. The land was sold under
 
 ft. fas.
 
 which bore teste after the death of Josiali Jordan, without any
 
 sci. fa.
 
 against the heirs. The effect of a sale so made, has already been declared by this Court in the case of
 
 Wood
 
 v.
 
 Harrison,
 
 1 Dev. & Bat. 356. The action was to recover the land sold, and the Court decided that the plaintiff was entitled to a verdict, because it was sold by the Sheriff under a
 
 ft. fa.
 
 which was tested after the death of the defendant in the execution, without having previously brought in the heirs.- The same principle was decided in the prior case of
 
 Bowen
 
 against
 
 McCullough,
 
 N. C. T. Rep. 261. In this case^ the sale was made under like circumstances : it is therefore void. The title to the land is unchanged — it is still in the heirs of Josiah Jordan. They have suffered no wrong or injury. As the land is yet theirs, they have no right to the money produced by the sale. The retention of it by Pool is no breach of his official bond. The plaintiff cannot sustain the action.
 

 PeR Curtam. Judgment affirmed»